

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. H. Cavness
State Auditor
Austin, Texas

Dear Sir:

Opinion No. O-5612
Re: Does the posting of a bond under
Article 6165a by a person, firm,
or corporation constitute evidence
sufficient to render them subject
to a tax liability under Article
7047, Subdivision 14, of Vernon's
Revised Civil Statutes?

We have your request for opinion, which is as follows:

"Does the posting of a bond under Article 6165A by a person, firm, or corporation constitute evidence sufficient to render them subject to a tax liability under Article 7047, Subdivision 14?"

We answer your question in the negative.

Article 6165a of Vernon's Revised Civil Statutes, to which you refer, is, in part, as follows:

"Section 2. . . .

"Section 3. . . .

"Section 4. That such loan brokers . . . shall, before beginning business in this State, execute and deliver a good and sufficient bond in the sum of One Thousand Dollars to such County Judge in the County in which said loan broker is located and doing business, . . .

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. C. H. Cavness, page 2

"Section 5. . . . that each and every loan broker
shall keep a well bound book in which he shall register
all of his transactions with other persons as such loan
broker at the time the same occur, which shall be at all
times kept open for inspection, and such broker shall
give to the borrower, or to all persons doing business
with such broker, a ticket showing a true and correct
statement . . .

"Section 6. . . ." (Emphasis ours)

Section 14 of Article 7047, above mentioned,
provides that all loan brokers shall pay an annual tax of
$150. for each place of business.

From an inspection of Article 7047, Subdivision 14,
above mentioned, it is obvious that the tax liability imposed
by said statute attaches only by reason of a person, firm or
corporation's having engaged in the business of a "loan broker";
the tax liability does not attach by reason of the doing of
any act before engaging in said said business.

The "posting of the bond" required by the above
mentioned Article 6165a, is an act prescribed by law to be
done by the person, firm or corporation in question before
the taxable occupation (the business of a loan broker) is
engaged in.

The very terms of Article 6165a provide, as before
mentioned, "That such loan brokers . . . shall, before beginning
business in this State, execute and deliver a good and sufficient
bond . . ." (Emphasis ours)

To hold that the posting of the bond required by
Article 6165a constituted evidence sufficient to render the
one posting the bond subject to the tax liability imposed by
Subdivision 14 of Article 7047, would be tantamount to holding
that the posting of such bond created a presumption that the
person, firm or corporation posting the bond had engaged in
the taxable occupation.

We cannot so hold as a matter of law.

Hon. C.H. Cavness, page 3

There is no constitutional provision, no statutory enactment, and no general maxim of Texas Jurisprudence which makes the posting of the bond in question, a presumption of law, or prima facie evidence, that the one posting the bond thereafter engaged in the taxable occupation of a loan broker.

A presumption of law can only arise when the law peremptorily requires an inference or position to be established whenever facts appear which the law assumes as the basis of such an inference. (See Mitchell v. Stanton, 139 S. W. 1033)

From the foregoing stated principles of law it is therefore obvious that from the fact that a person, firm or corporation has "posted the bond" referred to in said Article 6165a, there can arise no presumption of law that the tax liability created by Subdivision 14 of Article 7047 has been incurred by the one "posting the bond."

Moreover, it has been held by the appellate courts of Texas that a resort to a presumption in order to establish a given fact is not permitted where direct proof of the fact in question can be obtained. (See Skov v. Coffin, 137 S. W. 450, writ of error refused)

We apprehend that on the question of whether or not a given person, firm or corporation has engaged in the business of a loan broker, may readily be resolved by direct evidence. Section 5 of Article 6165a in part provides as follows:

". . . that each and every loan broker shall keep a well bound book in which he shall register all of his transactions with other persons as such loan broker at the time the same occur, which shall be at all times kept open for inspection, and such broker shall give to the borrower, or to all persons doing business with such broker, a ticket showing a true and correct statement of the amount of cash received by such borrower or person to such broker, giving correct dates of each and every payment or credit thereon, and said tickets shall correspond correctly with all of the entries on said register. . . ."

By force of legal principles, there does exist a presumption that the foregoing mentioned provision of Section 5 of Article 6165a has been complied with by all those engaged in the occupation of a loan broker. "There is a presumption that all men obey the laws." (See Smith v. Lancaster, 248 S. W. 474) And, subject to being overcome by evidence to the contrary, it is always presumed that the law has been complied with, and that all business is carried on in a lawful manner. (Kent v. National Supply Company, 36 S. W. (2d) 811; First National Bank v. First State Bank, 291 S. W. 806; Davis v. Kuehn, 119 S. W. 118)

You are therefore advised that it is our opinion that the posting of a bond under Article 6165a of V. R. C. S. of Texas by a person, firm or corporation does not constitute evidence sufficient to render such person, firm or corporation subject to a tax liability under Article 7047, Subdivision 14 of said Statute.

If the tax liability of a loan broker arises from the conduct by any person, firm or corporation of the business of a loan broker, the facts establishing such tax liability must be ascertained from evidence and not from any presumption arising from the posting of the bond referred to in said Article 6165a.

Very truly yours

APPROVED SEP 28, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By George P. Blackburn
Assistant

GPB:AMM



APPROVED OPINION COMMITTEE BY BWB CHAIRMAN